## A. Vincent v. The State.

Threats to Kill. — The state proved that the accused, when he made the threat to kill, had the means and opportunity of then executing his threat, but did not do so. *Held*, that such proof did not necessitate an instruction to the jury that they might infer from it that the threat was not seriously made. Note the distinction taken by the court between this case and *March v. The State, ante,* 107.

Appeal from the District Court of Rusk. Tried below before the Hon. A. J. Booty.

*N. G. Bagley,* for the appellant.

*George McCormick,* Assistant Attorney General, for the State.

Winkler, J.   The first error assigned is that the court erred in refusing to give the special charge asked by the defendant.   A bill of exceptions embodied in the transcript complains of the same error, and it is also one of the grounds in the motion for a new trial, yet nowhere in the record do we find such a charge, or, in fact, any charge asked by the defendant, set out.   In the absence of this, this court has no sufficient *data* upon which to base an opinion, and counsel for the appellant, in his brief, concedes that he is not in condition on the record to have the subject revised.   He says: " The special charge asked was not marked ' filed ' by the clerk, or rejected and signed by the court."

The second error assigned is that the court erred in refusing to grant a new trial.   A careful examination of the several grounds set out in the motion for a new trial, and in the light of the evidence set out in the statement of facts and the able argument of appellant's counsel, does not disclose that the evidence was insufficient to support the verdict, or that any error was committed in the charge of

the court; which are the material grounds upon which the motion is based.

The third error assigned is that the court erred in its charge to the jury in that it did not charge the law applicable to the facts. This assignment is very general in its character, and fails to point the court to the portion of the charge which is not the law applicable to the facts. In argument it is insisted, on behalf of the accused, that the jury should have been instructed that, if they believed from the evidence that the accused had an opportunity to kill the other man and did not do so, they might infer that the threat, if made, was not seriously made.

It would be very unsafe to hold that because a party failed to kill his enemy at sight, on the first time the parties met after the threat, that, therefore, he was not serious in making the threat at the time of making it. He might still have entertained the same ideas and harbored the same intentions, but deemed it best to wait a more favorable opportunity to put the threat into execution.

This case is quite unlike the case of *March* v. *The State*, *ante*, p. 107. In March's case, as remembered in the absence of the record, the parties had but one angry interview, and the testimony showed that the parties lived afterwards in the same immediate neighborhood without evidence of further trouble between them; whilst in the present case, agreeably to the evidence, the threat had been made on Saturday, and the parties met again on the following Tuesday, when one of the witnesses interfered in a quarrel which ensued, and, whether the actions of the accused on the occasion of this second meeting were such as to indicate a present seriousness of intention or not, they seem to have caused the witness to take from the accused his gun and shoot it off.

There was conflict in the evidence, but, allowing the jury the free exercise of their peculiar province, under an eminently proper charge, we cannot say they were not war-

ranted in the conclusion they arrived at, that the threat was made in fact, and that it was made with the serious intention to put it into execution either then or at some other time.

The charge of the court was full and complete. The jury were instructed that they could not convict unless they believed from the evidence, not only that the threat to take life was made, but that they must believe from the evidence that it was seriously made; which was the law of the case as made by the evidence. Pasc. Dig., arts. 6585, 6586; *Buie* v. *The State*, 1 Texas Ct. App. 58; *McFain* v. *The State*, 41 Texas, 385.

No material error is perceived in the proceedings had on the trial below, nor in the action of the court in refusing a new trial. The judgment of the District Court is affirmed.

*Affirmed.*